IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION; and AIRLINE PROFESSIONALS ASSOCIATION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS AIR, INC. and POLAR AIR CARGO WORLDWIDE, INC.,<br><br>Defendants. | Civil Action No. 1:19-CV-00651-RDM |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Atlas Air, Inc. and Polar Air Cargo Worldwide, Inc. (collectively "Atlas") move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the complaint filed in this matter by Plaintiffs International Brotherhood of Teamsters, Airline Division and Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 (collectively, "IBT" or the "Union"). The grounds for this Motion, as set forth more fully in the accompanying Memorandum of Points and Authorities, are as follows:

1. The Union's claims for injunctive and declaratory relief should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because those claims require interpretation or application of the collective bargaining agreement between Atlas and IBT. Under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, such "minor disputes" are within the exclusive jurisdiction of a

System Board of Adjustment.

2. The Union's request for declaratory relief should also be dismissed because it improperly seeks to evade this Court's November 30, 2017 injunction. The Court has prohibited the IBT from engaging in a strike and/or directing pilots to refuse voluntary work assignments that they have performed in the past in an effort to disrupt operations and to pressure Atlas in collective bargaining. Plaintiff's requested declaratory relief would result in the very type of disruption to operations and commerce that this Court found to be a violation of Section 2, First of the RLA, and thus should not be permitted.

3. Even if the Court were to find that it has jurisdiction over the Union's claims for injunctive and declaratory relief, they should be dismissed under Rule 12(b)(6) for failing to state a plausible claim. The Union's allegation that Atlas pilots are "required" or "forced" to perform maintenance-related engine starts is demonstrably false, as maintenance-related engine starts are completely voluntary and within a pilot's discretion.

4. The complaint further fails to state a claim under Rule 12(b)(6) because the Union cannot plausibly allege a change in the pilots' status quo terms and conditions of employment and working conditions. The Union cannot support its allegation of a change in the status quo by showing that Atlas introduced a maintenance-related engine start procedure that is entirely voluntary.

For the above reasons, Atlas respectfully submits that this Court should grant its Motion and dismiss the Union's Complaint with prejudice.

Dated: April 1, 2019  Respectfully submitted,
       Washington, D.C.

By:    /s/ Robert A. Siegel
   Robert A. Siegel
   (D.C. Bar #1004474)
   Michael G. McGuinness
   (*pro hac vice* pending)

O'MELVENY & MYERS LLP

1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
rsiegel@omm.com

400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
mmcguinness@omm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on April 1, 2019, I caused a copy of the foregoing Motion and its attachments to be electronically filed via the Court's ECF system. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

/s/ Robert A. Siegel<br>
Robert A. Siegel